UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL, | No. 2:24-cv-2799 CSK P |
| Plaintiff, | |
| v. | ORDER |
| JONATHAN MA, | |
| Defendant. | |

    Plaintiff is a civil detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    On October 24, 2024, plaintiff filed a motion for reconsideration of the Court's order requiring him to file an application to proceed in forma pauperis by a prisoner, confirming that he is not a prisoner, but rather a civil detainee. Individuals detained pursuant to California Welfare and Institutions Code §§ 6600 et seq. are civil detainees, not prisoners within the meaning of the Prison Litigation Reform Act ("PLRA"), and thus are not required to pay the court's filing fee under 28 U.S.C. § 1915A. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Upon reconsideration, the Court considers plaintiff's prior request to proceed in forma pauperis by a nonprisoner. (ECF No. 6.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis (ECF No. 6) is

granted.

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.   SCREENING STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  Id.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his Fourteenth Amendment rights were violated on or around August 15, 2023, during court proceedings for plaintiff's "trial for extension hearing," when Sacramento County attorney Jonathan Ma told plaintiff he was going to be punished for the rest of his life, then called plaintiff a "Nigger," and told plaintiff he was "less than human and did not deserve to be released from the state hospital." (ECF No. 1 at 2.) Plaintiff claims defendant then told plaintiff "he had no rights," and that he was going to "punish plaintiff because he [is] black," and then defendant began to laugh loudly in court. (Id.) Plaintiff claims he "lost his liberty to be free from cruel and unusual punishment and retaliation." (Id.) Plaintiff seeks money damages. (Id. at 4.)

IV. DISCUSSION

Here, plaintiff's claim fails because he includes no allegation that the county attorney was acting under color of state law. See West, 487 U.S. at 48. But even assuming defendant Ma was a state actor, defendant Ma is immune from plaintiff's suit. See Fry v. Melaragno, 939 F.2d 832, 837 (1991) ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'" (citation omitted)). While the comments allegedly attributed to defendant are unacceptable, defendant is entitled to absolute immunity. Id.

V. LEAVE TO AMEND

In an abundance of caution, plaintiff is granted leave to file an amended complaint if he can allege a cognizable legal theory against a proper defendant and set forth sufficient facts in support of that cognizable legal theory. Lopez, 203 F.3d at 1126-27 (district courts must provide pro se litigants an opportunity to amend to correct any deficiency in the complaints). If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 11) is granted;

2. Upon reconsideration, plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 6, 2024

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hill2799.14n.csk

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>JONATHAN MA,<br><br>        Defendants. | No. 2:24-cv-2799 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐  Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff